**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

QURAN T. JOHNSON and
ERIKA BELL,

Plaintiffs,

v. Case No. 3:26-cv-00402-jdp

CITY OF FITCHBURG, WISCONSIN, et al.,

Defendants.

**PROPOSED CONFIDENTIALITY PROTECTIVE ORDER**

Pursuant to the joint motion of Non-Party City of Milwaukee and Plaintiffs Quran T. Johnson and Erika Bell for entry of a confidentiality protective order, see ECF No. ___, the Court finds that the exchange of sensitive information between the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties and/or others.

**IT IS THEREFORE ORDERED** that, pursuant to Fed. R. Civ. P. 26(c)(1) and Fed. R. Civ. P. 45(d),

1. The following documents are to be handled as confidential and subject to this Protective Order: (a) personally-identifying information, including dates of birth, social security numbers, home addresses, and phone numbers; (b) information which can in any way identify a juvenile; (c) information which can in any way identify a confidential informant; (d) financial information, including banking-related account numbers, the identification of any financial institution along with any individual who maintains an account with that institution; income tax information and mortgage-related

information; (e) health-care-related information, including information related to physical, psychological, or general medical care and treatment; (f) emergency contact information provided by employees, persons arrested or in custody, complainants, or witnesses; (g) information which can in any way identify the spouse, child(ren), or other family members of a City of Milwaukee employee; (h) information related to divorce and/or custody disputes; and (i) information which can in any way identify the victim of a sexual assault, attempted sexual assault, rape, attempted rape, or domestic violence.

2. Designation of confidential information must be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL." Counsel for the parties must keep all documents designated as confidential that are received under this Order secure, within their exclusive possession, and must maintain such materials in a secure area.

3. Documents designated as confidential must not be used or disclosed by the parties or counsel for the parties, or any person identified in paragraph 4 herein, for any purpose whatsoever, other than preparing for and conducting the litigation in which the documents were disclosed (including appeals).

4. The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosure may be made in the following circumstances:

    a. Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure

must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

b. Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

c. Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Rule.

d. (Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

e. Disclosure may be made to the parties to this action, who are bound by the provisions of this Order.

f. Disclosure may be made to the Court and its personnel.

g. Disclosure may be made to deposition or trial witnesses, to the extent reasonably necessary for the preparation and conduct of the litigation,

provided that each such witness is informed of and agrees in writing to be bound by the provisions of this Order before disclosure.

h. A designation under category (e) or category (g) of paragraph 1 authorizes the redaction of the identifying or clinical content itself. It does not authorize the withholding or redaction of the remainder of the record in which that content appears, including any fitness-for-duty determination, any disciplinary, complaint, or performance record, or the substance of any such record. Where identifying or clinical content is redacted under this Order, the remainder of the responsive record shall be produced.

5. To the extent that any of the records referenced in paragraph 1 are filed with the Court, or are substantively incorporated in any papers to be filed with the court, the records and papers must be redacted only to the extent necessary. If the parties seek to seal a document, either in part or in full, they must file a motion to seal that document, together with a redacted copy on the record. They must also simultaneously file unredacted copies under seal with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope. The parties shall act in good faith in designating records to be filed, in whole or in part, under seal.

6. A party or interested member of the public may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L.R. 37. The party prevailing on any such motion is entitled to recover as costs its actual attorney fees and costs attributable to the motion.

7. At the conclusion of this litigation and any related action in which use is permitted under this Order, all material not received in evidence and treated as confidential under

this Rule must be returned to the party or non-party from which the material originated, or if the parties so stipulated, the material may be destroyed.

8. After termination of this litigation, this Order shall continue to be binding upon the parties hereto, the City of Milwaukee, and upon all parties to whom confidential discovery material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties and such persons for the enforcement of the provisions hereof.

Dated and signed at Madison, Wisconsin this _____ day of ____________, 2026.

BY THE COURT:

______________________________

Anita Marie Boor
U.S. Magistrate Judge